Hillsborough,
No. 4583.

CONCRETE, INC. *v.* RHEAUME BUILDERS, INC.

Argued May 7, 1957.

Decided May 23, 1957.

*McLaughlin & Enright* (*Mr. McLaughlin* orally), for the plaintiff.

*Albert Terrien* for the defendant, furnished no brief.

*J. Walker Wiggin, amicus curiae,* by brief and orally.

BLANDIN, J.   The plaintiff's position is in effect that no constitutional amendment was adopted by the voters at the November 6, 1956, election which abolished the right to trial by jury in civil causes in which the value in controversy exceeds $100 as existed under Pt. I, *Art.* 20th, of the state Constitution.   The question put to the electorate, as a result of the Constitutional Convention which convened in Concord on May 15, 1956, was as follows:   "Are you in favor of preserving the right of trial by jury in civil causes in which the value in controversy exceeds five hundred dollars?" In response to this question 144,515 voted "Yes" and 18,467 voted "No."   The word "preserving" which appears in the question and which was apparently taken from the language of the Seventh Amendment of the Constitution of the United States is significant. At the time of the adoption of the federal Constitution in 1787 to preserve meant "To keep, to defend from destruction."   Ash's Dictionary, 1775; see also, Barclay's Dictionary, 1792.   This construction has remained constant up to modern times.   In Webster's New International Dictionary, (2nd *ed.*) 1952, *p.* 1956, the definition of preserve is "To protect or save, to keep or save from injury or destruction.   To maintain."   Giving the words in the question submitted to the voters the meaning they must be presumed to have had to the electorate on November 6, 1956, when the vote was cast (*Attorney General* v. *Morin,* 93 N. H. 40, 43), we believe it plain that they balloted merely to keep the right to a jury trial in all civil causes where the value in controversy exceeds $500, but did not vote to abolish the privilege of jury trial where the value in controversy exceeds $100 but is less than $500.

In the brief of *amicus curiae* it is argued that although the question could have been put more clearly, yet the action taken must be interpreted in the light of the circumstances surrounding it.   We agree that this is so, and that evidence of these circumstances in the form of a pamphlet entitled "Voters' Guide," prepared under the authority and direction of the Convention, editors' affidavits as to the publication of information concerning the issue to be presented, extracts from radio addresses and similar evidence, all tending to explain the purpose and effect of the proposed amendment, was properly admitted.   *Attorney General* v. *Morin, supra,* and authorities cited; *Thompson* v. *Kidder,* 74 N. H. 89, 91; *Wyatt* v. *Board,* 74 N. H. 552, 557.   We also agree that for

practical and obvious reasons "every reasonable presumption, both of law and fact, is to be indulged in favor of the validity of an amendment to the Constitution when it is attacked after its ratification by the people," (*Keenan* v. *Price*, 68 Idaho 423, 434) and that its unconstitutionality should not be declared except upon "inescapable grounds." See *Chronicle &c. Pub. Co.* v. *Attorney General*, 94 N. H. 148, 151; see also, *Keenan* v. *Price, supra.* Nor do we quarrel with the proposition that the question submitted to the electorate need not inform it of the details nor full import of the proposed amendment. *Cummings* v. *Eastman*, 126 Me. 147. It is sufficient if it gives the ordinary person a clear idea of what he is voting for or against. See *Opinion of the Justices*, 271 Mass. 582, 589; 18 Am. Jur., Elections, s. 180, p. 299. However, as previously stated, the question here turns upon the meaning of the vote. Whatever may have been the undisclosed intent of the voters, it cannot prevail over their clearly expressed intent. The courts cannot redraft legislation to make it conform to an intention not fairly expressed in it. *Trustees &c. Academy* v. *Exeter*, 92 N. H. 473, 478. "It is no part of the judicial function to add to a statute by interpretation, provisions not expressed therein." *Bodeau* v. *Bodeau*, 92 N. H. 183, 184. By this token we believe it is not for us to add to the proposition upon which the voters acted words which would abolish an existing constitutional right to a jury trial in civil causes where the value in controversy exceeds $100 but is less than $500, when the electorate voted merely to preserve the right of trial by jury where the value in controversy exceeds $500. The result of what the voters did must be determined by "the effect and meaning of the language" which they "finally ratified and adopted." *Pollard* v. *Gregg*, 77 N. H. 190, 194.

*Amicus curiae* argues persuasively that in all the circumstances the electorate must have known what they were doing, since there would be no point otherwise in the vote and also, because the proposed amendment and its purpose were so thoroughly discussed. However in a matter so vital as the right to jury trial it does not seem to us wise to set a precedent which would give to a vote of the people a meaning not expressed nor reasonably to be implied from its terms, but resting on an assumption of the voters' receipt and comprehension of information not appearing on the ballot.

In the Sixth Constitutional Convention of 1876, the question submitted as to amending Pt. I, *Art.* 20th of our Constitution, reads as follows: "Do you approve of so amending the constitution that

the General Court shall be authorized to provide for the trial of causes in which the value in controversy does not exceed one hundred dollars, and title to real estate is not concerned, without the intervention of a jury, as proposed by the amended constitution?" New Hampshire Constitutional Convention Manual, 1918, *p.* 154. No ordinarily intelligent person could fail to understand from the last quoted words without resort to extraneous circumstances, what he was to decide. We believe the issue should have been made equally clear in posing a similar question in 1956. However, it was not, and we conclude that the question and voters' answer cannot properly be construed by us to mean that the electorate amended the Constitution to abolish the trial by jury in civil causes in which the value in controversy exceeds $100 but is less than $500. It follows that Part I, *Art.* 20th, of the Constitution was not amended by the action taken on November 6, 1956. The plaintiff's motion should be granted.

*Remanded.*

KENISON, C. J., did not sit; the others concurred.