119 N.J. Super. 579 (1972)
293 A.2d 196
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, IN THE MATTER OF THE CONTEMPT OF ESTHER S. FRANKEL, AN ATTORNEY AT LAW OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1972.
Decided June 27, 1972.
*580 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Leopold Frankel argued the cause for appellant (Messrs. Frankel & Frankel, attorneys).
Mr. John A. Brogan, Deputy Attorney General, argued the cause for plaintiff-respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
PER CURIAM.
Appellant Esther S. Frankel, an attorney at law of the State of New Jersey, was found guilty of contempt for wilfully refusing an assignment to represent an indigent defendant in a disorderly persons case in the Paterson Municipal Court.
On a trial de novo on the record in the County Court, the finding of contempt was sustained, and further appeal is made to this court.
The issue is a narrow one. Appellant acknowledges that she was assigned to represent an indigent defendant in a municipal court proceeding and that she wilfully refused to accept the assignment. Her basic contention is that the present system of requiring attorneys to accept assignments to represent indigent defendants in municipal court cases without compensation is unlawful, immoral and unconstitutional. She argues that her refusal to accept the assignment was not shown to have obstructed justice, nor did it evidence an intent to do so.
We have reviewed the full record and are in accord with the legal conclusions set forth in the comprehensive *581 opinion of the County Court and, except as hereinafter noted, adopt them as our own. The opinion is reported at 117 N.J. Super. 296. On the undisputed facts, we find that appellant's refusal to accept the assignment in question constituted a contempt of court in violation of N.J.S.A. 2A:10-1. We hold that the assignment and the system on which it was based was lawful and proper, and appellant was under a duty to accept it. Moreover, her challenge of the assignment should not have been by defying the court. Walker v. City of Birmingham, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967). The proper procedure would have been either to seek leave to appeal from the order of assignment, or accept the same and apply for compensation thereafter.
In deciding this appeal we find it unnecessary to pass upon the trial court's dictum (at 302 of 117 N.J. Super.) that "Any right to compensation is purely statutory."
We find appellant guilty of the contempt charged and fine her $50 and costs, payable to the clerk of the Paterson Municipal Court.