Request of House of Representatives
No. 7144

OPINION OF THE JUSTICES

March 12, 1975

The following resolution was adopted by the house of representatives on February 25, 1975, and filed with the supreme court on February 26, 1975:

"Whereas there is presently pending before the House of Representatives CA-CR 2 relating to decreasing the age requirement for members of the senate, providing that the age requirement for members of the senate is decreased; and

"Whereas Resolution No. 21 of the 1974 Constitutional Convention relating to residency requirements for election to the office of state senator and governor's councilor, providing that the residency requirement be reduced from seven years to four years was adopted by said convention and will be presented to the voters at the biennial election in November, 1978; and

"Whereas Resolution No. 94 of the 1974 Constitutional Convention relating to the qualifications of senators, providing that if a senator moves from his district, he shall forfeit his seat in the senate was adopted by said convention and will be presented to the voters at the biennial election in November, 1976; and

"Whereas CA-CR 2 and Resolutions No. 21 and 94 amend Article 29 of Part Second of the Constitution of New Hampshire in different ways without regard to what the other resolution provides; and

"Whereas the House is uncertain as to the effect of its amendment to Article 29 of Part Second of the Constitution if such amendment is adopted by the people in March, 1976 and the people later adopt Resolution No. 94 in November, 1976, and Resolution No. 21 in November, 1978; and

"Whereas the General Court cannot amend Resolutions No. 21 and 94 to make said resolutions compatible with CA-CR 2; now therefore be it

"Resolved by the House of Representatives that the justices of the supreme court be respectfully requested to give their opinion upon the following questions:

"1. If the people adopt CA-CR 2 in March, 1976, and Resolution No. 94 of the 1974 Constitutional Convention is adopted by the people in November, 1976, and Resolution No. 21 is adopted by the people in November, 1978, how will Article 29 of Part Second of the Constitution of New Hampshire read?

"2. If the people adopt CA-CR 2 in March, 1976, and Resolution No. 94 of the 1974 Constitutional Convention is not adopted by the people in November, 1976, but Resolution No. 21 is adopted by the people in November, 1978, how will Article 29 of Part Second of the Constitution of New Hampshire read?

"3. If the people adopt CA-CR 2 in March, 1976 and Resolution No. 94 of the 1974 Constitutional Convention in November, 1976, but Resolution No. 21 is not adopted by the people in November, 1978, how will Article 29 of Part Second of the Constitution of New Hampshire read?"

The following answers were returned:

*To the House of Representatives:*

The undersigned justices of the supreme court return the following reply to the inquiries contained in your resolution adopted February 25, 1975, and filed with this court on February 26, 1975.

CA-CR 2, now pending before the house of representatives, would propose an amendment to the New Hampshire constitution, part II, article 29, to be submitted to the voters in March 1976. The proposed amendment would lower from thirty to twenty-five the age below which "no person shall be capable of being elected a state senator" as provided by article 29.

As your resolution points out, the 1974 Constitutional Convention has proposed two different amendments of the same article

29, both of which would be submitted to the voters after the amendment proposed by CA-CR 2 has been acted upon by the voters. Resolution number 94, to be submitted to the voters in November 1976, would amend article 29 by adding thereto a provision that if a senator should cease to be an inhabitant of the district for which he was chosen, he should be disqualified and a vacancy in the position declared. The second amendment proposed by the convention, by resolution number 21 as finally adopted on June 26, 1974, would amend article 29 by reducing from seven to four years the required period that a senator must have been an inhabitant of the State. This provision would also be applicable to members of the council by virtue of New Hampshire constitution, part II, article 61. The proposal of resolution number 21 is to be submitted to the voters in November 1978.

The questions contained in your resolution appear to have been prompted by the form of the convention resolutions, each of which restates article 29 in the form which it will take if amended pursuant to those resolutions only, the statement in each case retaining the present "age of thirty years" requirement now found in article 29. Thus the crux of your inquiries, as we understand them, is directed to the question of what effect the forms of these resolutions adopted by the 1974 convention would have upon the language of article 29, in the event that the amendments proposed by the convention should be adopted by the voters following adoption of the amendment proposed by CA-CR 2. Obviously if CA-CR 2 is approved by the voters, the revised versions of article 29 contained in the convention resolutions will become inaccurate, since article 29 will then contain the language proposed by CA-CR 2.

We are of the opinion that this would not invalidate affirmative action by the voters either upon the question to be submitted pursuant to CA-CR 2, or upon those to be submitted pursuant to the two resolutions of the convention. The questions to be submitted to the voters pursuant to resolutions 94 and 21 of the convention call for no change in the requirement of article 29 of the constitution relating to the age of a senator. The only question to be submitted to the voters under resolution 94 will read as follows: "Are you in favor of amending the constitution to provide that should a senator cease to be an inhabitant of the district for which he was chosen, he shall be disqualified to hold such position and a vacancy shall be declared?" Jour. for June 4, 1974,

N.H. Const. Conv. (1974). The only question to be submitted pursuant to resolution 21 will read as follows: "Are you in favor of amending the constitution to reduce the residency requirement for the office of state senator and governor's councilor from seven to four years?" Jour. for June 26, 1974, N.H. Const. Conv. (1974). Thus in neither instance will the voters be called upon to take action with respect to the age requirement of article 29 which CA-CR 2 will previously have amended if adopted by the voters.

In our opinion therefore, affirmative action by the voters upon either or both of the questions to be submitted pursuant to the resolutions of the convention will not invalidate prior affirmative action by the voters under CA-CR 2; nor can action under those resolutions operate to restore to article 29 language previously altered by amendment of article 29 pursuant to CA-CR 2.

This is so because affirmative votes in response to the questions submitted to the voters pursuant to the convention resolutions will be effective only to amend article 29 in the respects stated in the questions voted upon, and not in other respects. "The result of what the voters did must be determined by 'the effect and meaning of the language' which they 'finally ratified and adopted'. *Pollard v. Gregg*, 77 N.H. 190, 194 ... it does not seem to us wise to set a precedent which would give to a vote of the people a meaning not expressed nor reasonably to be implied from its terms, but resting upon an assumption of the voters' receipt and comprehension of information not appearing on the ballot." *Concrete Co. v. Rheaume Builders*, 101 N.H. 59, 61, 132 A.2d 133, 136 (1957). *See also Gerber v. King*, 107 N.H. 495, 499, 225 A.2d 620, 623 (1967). Any inaccuracies in the restatement of the language of article 29 contained in the resolutions of the convention which would result from prior adoption of the CA-CR 2 amendment would come to no more than clerical error resulting from changed conditions, and would not be dispositive of the action of the voters. Moreover reference to the convention journals would clearly show that resolutions 21 and 94 were not intended to alter the minimum age requirement of article 29.

Question 1 is answered as follows: "If all three proposed amendments are approved by the voters, article 29 will read as follows:

> *"Provided nevertheless,* that no person shall be capable of being elected a senator, who is not of the age of twenty-five years, and who shall not have been an inhabitant of this state for four years immediately preceding his

election, and at the time thereof he shall be an inhabitant of the district for which he shall be chosen. Should such person, after election, cease to be an inhabitant of the district for which he was chosen, he shall be disqualified to hold said position and a vacancy shall be declared therein."

Question 2 is answered as follows: "If only the amendments proposed by CA-CR 2 and by constitutional convention resolution 21 are adopted, article 29 will read as follows:

*"Provided nevertheless,* that no person shall be capable of being elected a senator, who is not of the age of twenty-five years, and who shall not have been an inhabitant of this state for four years immediately preceding his election, and at the time thereof he shall be an inhabitant of the district for which he shall be chosen."

Question 3 is answered as follows: "If only the amendments proposed by CA-CR 2 and by constitutional convention resolution 94 are adopted, article 29 will read as follows:

*"Provided nevertheless,* that no person shall be capable of being elected a senator, who is not of the age of twenty-five years, and who shall not have been an inhabitant of this state for seven years immediately preceding his election, and at the time thereof he shall be an inhabitant of the district for which he shall be chosen. Should such person, after election, cease to be an inhabitant of the district for which he was chosen, he shall be disqualified to hold said position and a vacancy shall be declared therein."

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH