Request of Governor and Council
No. 7578

OPINION OF THE JUSTICES

September 22, 1976

The following resolution adopted by the Governor and Council was filed in this court on September 2, 1976:

"WHEREAS at their meeting on August 27, 1976 the Board of Prison Trustees considered various motions concerning the suspension and or removal from his position as Warden of Raymond A. Helgemoe, who was appointed to that position by the Trustees on June 12, 1974, pursuant to a written opinion of the Attorney General (a copy of which is attached to this resolution); and

"WHEREAS The Board of Prison Trustees deferred action on these motions because of an uncertainty as to its legal authority to act in light of the apparent conflict between RSA 622:5 and RSA 4:1; and

"WHEREAS any such uncertainty as to the ultimate authority over the tenure of the Warden causes a grave concern in the Governor and Council as to the continued safe and effective functioning of the New Hampshire State Prison; and

"WHEREAS RSA 622:5 vests in the Board of Prison Trustees the authority 'to appoint all officers and servants necessary for the management of the prison, and to remove them;' and

"WHEREAS RSA 4:1 vests removal authority over officials outside the state classified service solely in the Governor and Council, 'except as otherwise specifically provided,' and establishes the procedures by which such removal is to be accomplished; and

"WHEREAS the Warden of the New Hampshire State Prison is an officer necessary for the management of the prison and a state official outside the classified service; and

"WHEREAS the ruling of the Supreme Court in *Corson v. Thomson*, 116 N.H.    , (decided June 8, 1976) involving a similar question of conflicting provisions for removal suggests that RSA 4:1 may preempt RSA 622:5 and in fact place the responsibility to consider removal questions upon the Governor and Council; and

"WHEREAS this apparent conflict between powers specifically granted to the Board of Prison Trustees and to the Governor and Council results in the creation of a substantial concern as to the continued safe operation of the New Hampshire State Prison and presents an important question of law upon a solemn occasion;

"NOW THEREFORE BE IT RESOLVED that the Honorable Justices of the Supreme Court of New Hampshire be respectfully requested to give their opinion on the following questions: "1. Does the authority to suspend and/or remove the Warden of the New Hampshire State Prison reside exclusively in the Board of Prison Trustees or in the Governor and Council?

"2. If the authority is found to reside in the Governor and Council, must the Governor and Council act on suspension and/or removal of the Warden only upon petition from the Board of Prison Trustees or can the Governor and Council act to suspend and/or to remove on their own motion?

"AND BE IT FURTHER RESOLVED that the Secretary of State be directed to transmit six (6) attested copies of this resolution to the Clerk of the Supreme Court."

The following answer was returned:

*To the Governor and the Honorable Council:*

The undersigned justices of the supreme court return the following answers to the questions contained in your resolution adopted September 2, 1976, and filed here on the same date.

Your first question is:

"Does the authority to suspend and/or remove the Warden of the New Hampshire State Prison reside exclusively in the Board of Prison Trustees or in the Governor and Council?"

The starting point of the inquiry is RSA 4:1 which provides as follows:

"Removal of Public Officers for Cause. Except as otherwise specifically provided, no official of the state outside of the state classified service shall be discharged or removed except by the governor and council for malfeasance, misfeasance, or inefficiency in office, or incapacity or unfitness to perform his duties, or for the good of the department, agency or institution to which he is assigned. The attorney-general, or the appointing authority of such official may petition the governor and council for his removal, setting forth the grounds and reasons therefor. The governor and council shall hold a public hearing upon such petition, giving due notice thereof to such official not less than thirty days before the hearing, and shall, if they find, upon due hearing, good cause for removal of such official, order his removal from office."

As stated in *Corson v. Thomson,* 116 N.H. 344, 358 A.2d 866 (1976), this statute was enacted by Laws 1950, ch. 5, pt. 25, § 3 and replaced R.L. 27:48 as inserted by Laws 1947, ch. 231. Among other changes made in 1950 was the insertion of the words "Except as otherwise specifically provided." Basically therefore in the absence of some specific provision to the contrary, the removal of all such officials falls within the authority of the Governor and Council.

The statute covering the powers of the trustees of the prison relating to the appointment of officers of the prison contains the words "and to remove them". RSA 622:5. This provision has appeared on the statute books since 1926. P.L. 400:6. However, as in *Corson,* the enactment of Laws 1947, ch. 231 impliedly repealed those words and they have never been legally reenacted although

they continue to appear in the statute books.

The legislative intention to place the removal power in the Governor and Council is further indicated by the legislative history of R.L. 14:3 (1942) which before 1950 provided: "The executive head of [the state prison] shall be chosen by the trustees of that institution . . . and may be removed by said trustees for cause . . . ." In the Reorganization Act of 1950, the legislature deleted that portion of R.L. 14:3 which allocated the authority to remove the warden to the trustees, although the appointment power was retained. Laws 1950, ch. 5, pt. 11:8. The deletion of the removal provision coincident with the insertion of the "Except as otherwise specifically stated" language into what is now RSA 4:1 makes plain a legislative intent to render that statute controlling in the present situation.

The answer to your first question therefore is that the Governor and Council have the exclusive authority to remove the warden.

Your second question is as follows:

"If the authority is found to reside in the Governor and Council, must the Governor and Council act on suspension and/or removal of the Warden only upon petition from the Board of Prison Trustees or can the Governor and Council act to suspend and/or to remove on their own motion?"

RSA 4:1 states in pertinent part:

"The attorney general, or the appointing authority of such official may petition the governor and council for his removal setting forth the grounds and reasons therefor. The governor and council shall hold a public hearing upon such petition . . . ."

We find in this provision a legislative intent to require a petition by the attorney general or the board of trustees before public removal hearings may be held by the Governor and Council. Our interpretation of the statutory language is buttressed by the legislative history of 1947 Senate bill 33, (ultimately Laws 1947, ch. 231), which is detailed in *Corson v. Thomson*, 116 N.H. 344, 358 A.2d 866 (1976). Senate bill 33 as originally adopted dealt only with the removal of the director of the fish and game department, and called for a joint hearing before the Governor and Council and the commission. However, in its final form, when revised to extend the removal provisions to other officials, it provided that removal be by the Governor and Council, but further specified

that the "attorney general, or the board, commission or trustees which appointed any such public official may petition ... for his removal." This is substantially the wording of the present RSA 4:1. The legislature in making this change intended to retain the involvement of the appointing authority although not as part of a joint board, by making it one of the two sources to petition the Governor and Council for removal of a State official. *See Opinion of the Justices,* 115 N.H. 385, 341 A.2d 758 (1975).

The answer to your second question is that the Governor and Council may act only upon the petition of the attorney general or the board of prison trustees.

> FRANK R. KENISON
> LAURENCE I. DUNCAN
> EDWARD J. LAMPRON
> WILLIAM A. GRIMES
> ROBERT F. GRIFFITH

September 22, 1976

Raymond A. Helgemoe, by David L. Nixon, Esquire, filed memorandum of law.