Merrimack
No. 7501

JOHN A. KING

v.

MELDRIM THOMSON, JR.

and

NEW HAMPSHIRE PROBATION DEPARTMENT

December 30, 1976

*Nixon, Christy, Tessier & Peltonen (Mr. David L. Nixon* orally) for the plaintiff.

*David H. Souter,* attorney general, and *Joseph A. DiClerico, Jr.,* assistant attorney general *(Mr. DiClerico* orally), for Meldrim Thomson, Jr.

*Perkins & Brock* for the New Hampshire Probation Department, filed no brief.

PER CURIAM.    In this petition for injunction and other relief, the issue to be decided is whether the superior court has jurisdiction to recuse the Governor from sitting in any proceeding which might be brought pursuant to RSA 4:1 for the purpose of discharging or removing the plaintiff from the position of director of probation. This question was transferred by *Flynn,* J., after a motion to dismiss was granted as to Meldrim Thomson, Jr., and a similar motion by the board of probation was withdrawn without prejudice. A second question relating to who would serve if the Governor should be recused need not be answered because the parties have now agreed that it would be the president of the senate.

It has been agreed that plaintiff King may be removed or discharged only by the Governor and Council in accordance with RSA 4:1 which requires a public hearing with at least thirty days notice. The Governor and Council may act only on petition of the attorney general or the appointing authority which in this case would be the board of probation. RSA 504:8 (Supp. 1975); *Opinion of the Justices,* 116 N.H. 531, 363 A.2d 1005 (1976).

New Hampshire constitution, part I, article 35, which is part of our bill of rights, provides that "It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit." This applies to the Governor and Council while they are conducting hearings pursuant to RSA 4:1. *N.H. Milk Dealers' Ass'n v. Milk Control Board,* 107 N.H. 335, 222 A.2d 194 (1966); *Bennett v. Thomson,* 116 N.H. 453, 363 A.2d 187 (1976). The plaintiff's petition contains allegations which, if found to be true, would raise a serious question whether Governor Thomson would be disqualified as a matter of law from sitting in any proceeding to determine whether the plaintiff should be discharged or removed.

The issues involved in this matter, relating as they do to the due process rights of a citizen under our constitution, fall within the functions conferred upon the judiciary. *O'Neil v. Thomson,* 114 N.H. 155, 316 A.2d 168 (1974). The superior court is a court of general jurisdiction, which includes suits in equity involving actions against State officials who are allegedly acting beyond their constitutional authority. *Rau v. N.H. Div. of Welfare,* 115 N.H. 156, 335 A.2d 657 (1975). It is also especially suited for determining questions of fact. *See LaBelle v. State,* 108 N.H. 241, 231 A.2d 480

(1967). We hold, therefore, that the superior court does have jurisdiction of a petition to recuse the Governor from sitting in any proceeding which might be brought pursuant to RSA 4:1, and the answer to the first question transferred is "yes". However, the order dismissing the petition as to the Governor was nevertheless proper when made. No petition had been filed with the Governor and Council seeking the removal of the plaintiff, and the Governor had not been given the opportunity to make the determination whether or not to recuse himself. Under those circumstances, any action by the superior court would have been premature. *Corson v. Thomson,* 116 N.H. 344, 358 A.2d 866 (1976).

*Remanded.*

BOIS, J., did not sit.