Merrimack County Probate Court
No. 82-264

*In re* DOLORES P.

December 30, 1982

*Gregory H. Smith*, attorney general (*Jeffrey R. Cohen*, assistant attorney general, on the brief), by brief for the State.

*Joseph F. Vittek, Jr.*, of Franklin, by brief for Dolores P.

## MEMORANDUM OPINION

On or about July 15, 1981, a petition was filed against Dolores P. seeking involuntarily to commit her to the New Hampshire Hospital as provided in RSA 135-B:26 to :41. Pursuant to RSA 135-B:5, which guarantees the right to legal counsel to persons sought to be committed involuntarily, Attorney Joseph F. Vittek, Jr., was appointed to represent Dolores P. *See* RSA 135-B:6.

Attorney Vittek represented Dolores P. and subsequently filed a bill for services with the Merrimack County Probate Court seeking compensation at a rate of $25 per hour for case preparation and $35 per hour for time spent in court. The Probate Court (*Cushing*, J.) approved Attorney Vittek's statement of costs by signing it on January 5, 1982. In so doing, the probate court made no finding, express or otherwise, to the effect that the circumstances surrounding the committal of Dolores P. were in any way "exceptional."

The State sought reconsideration of the approved amount of attorney's fees, asserting that the correct hourly rates should have been $20 and $30, respectively. The relief was denied, and this appeal ensued.

RSA 135-B:6 provides that in involuntary-civil-commitment cases a court-appointed attorney "shall be compensated . . . at the same rate as appointed counsel in a criminal case heard before the superior court." Pursuant to this court's decision in *Smith v. State*, 118 N.H. 764, 769–71, 394 A.2d 834, 838–39 (1978), this court from time to time has issued and modified indigent-counsel-fee schedules. This court set a presumptive hourly rate of $20 for out-of-court time and $30 for in-court time, but established maximum rates of $25 and $35, effective May 1, 1981. N.H. SUP. CT. R. 47.

Attorney Vittek was appointed to represent Dolores P. *after* the fee schedule took effect and therefore, to warrant the allowable maximum fee, the trial judge must have made an "express, written finding of exceptional circumstances." *Id.* The probate court made

no such finding, and therefore the State was entitled to the relief it sought in its motion for reconsideration.

*Reversed.*