[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION: RE MOTION TO SET ASIDE VERDICT
In this medical malpractice case, the plaintiff sought to CT Page 12520-V recover damages against the defendant chiropractor based on allegations that the defendant was negligent in (1) incorrectly evaluating the plaintiffs condition upon initial presentation; (2) adjusting or manipulating the plaintiff's cervical spine when he should not have done so; and (3) failing to obtain the plaintiffs informed consent before commencing treatment. After trial to a jury, a verdict was rendered in favor of the defendant and a number of jury interrogatories framed to determine the jury's specific findings as to those allegations of negligence, were answered. Answers to the relevant questions indicated that the jury found no negligence in the defendant's evaluation of the plaintiff's initial condition and no failure to obtain plaintiff's informed consent. To question number 5, "Did Dr. LaMonica breach the standard of care for chiropractic physicians by persisting in manipulating Mr. Barrenechea's neck despite the development of severe, radiating pain?", the jury answered "Yes". The next question, number 6, asked "If your answer is `yes' to question number 5, was this breach of the standard of care a proximate cause of the injuries suffered by Mr. Barrenechea?" This question was answered "No".
The plaintiff moved to set aside the verdict as contrary to law and against the weight of the evidence, and assigns error in various portions of the court's charge to the jury. The court denied the motion and the plaintiff appealed from the court's refusal to set aside the verdict. The plaintiff's motion for articulation dated September 14, 1995 is granted and the court's articulation of its decision follows.
The trial court should not set a verdict aside where there was some evidence upon which the jury could reasonably have based its verdict. American National Fire Insurance Co. v. Schuss,221 Conn. 768, 774, 607 A.2d 418 (1992). Ultimately, "[t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . .". Palomba v. Gray, 208 Conn. 21, 23-24,453 A.2d 1331 (1988). Limiting that discretion, however, is the litigants' "constitutional right to have issues of fact determined by a jury" where "there is room for a reasonable difference of opinion among fair minded jurors". Id., 25.
It is clear from the jury interrogatories that the jury found no negligence in the defendant's evaluation of the plaintiff's condition upon initial presentation, nor a failure to obtain the plaintiffs informed consent. The jury did find the defendant negligent in persisting in manipulating the plaintiff's neck, but CT Page 12520-W in its answer to interrogatory number 6, specifically found that such was not a proximate cause of the plaintiff's injury. The plaintiff claims that there was no evidence to support this latter finding. In fact, however, expert witness, Dr. Lewis Labbadia, a chiropractor, called by the defendant, testified that in his opinion the plaintiff was suffering from a herniated disk at the time he first presented himself to the defendant as a patient, and that it was probably degenerative for some time before that. The plaintiff claims that because only a plain X-ray was taken at the time, which is not diagnostic of ruptured disk, Dr. Labbadia's testimony was sheer speculation and therefore there was no adequate basis on which the jury could have found no proximate cause. However, the witness's opinion was not based solely on the initial X-ray. The doctor was asked,
 "Doctor, based on your review of the records, the X-rays, the various testimony that you told us about, do you have an opinion, based on reasonable medical probability as to whether or not on the first visit of this patient on January 16, 1989; he had a herniated disk at the C-5, C-6 disk level?"
His answer was
 "After reviewing all the evidence, I believe that the patient had a herniation present at this time."
There was ample medical evidence that herniated disks can and do occur over, in some cases, long periods of time. Dr. Labbadia's testimony was credible, and having had the opportunity to hear and observe the testimony of all of the medical experts, the court believes that the jury could reasonably have found that the treatment of the plaintiff by the defendant was not the proximate cause of his injuries.
As further grounds for plaintiff's motion to set aside the verdict, he claims that the court erroneously charged the jury (1) on proximate cause, (2) by failing to charge that an out of state doctor is permitted to testify as to the standard of care in Connecticut, (3) by failing to charge in accordance with plaintiff's request number 15 regarding plaintiff's pre-existing neck condition, and (4) by failing to give plaintiff's requested charge regarding inferences.
A motion to set aside the verdict "allows the trial court, in CT Page 12520-X the less hectic atmosphere of a post-trial proceeding, to reconsider its rulings and if they are determined to have been erroneous as well as harmful, to grant a new trial without the necessity of an appeal; . . ." Sapporoso v. Aetna Life andCasualty Co., 221 Conn. 356, 363, 703 A.2d 1160 (1992). "Although a trial judge may set aside a verdict for mistakes made in the charge to the jury, this must be made with great caution, and only if he is entirely satisfied, upon an authoritative or statutory basis, that he has committed unmistakable error that has caused unquestionable harm." Sciola v. Sharnow, 22 Conn. App. 351,360, 577 A.2d 1081 cert. denied, 216 Conn. 815, 580 A.2d 60
(1990). "A charge . . . is to be read as a whole without the dissection of its parts. It will not be the source of reversible error absent a determination that the probable effect of the charge was to lead the jury to an incorrect verdict. The charge must be examined to determine whether it fairly presents a case to a jury so that no injustice results and is not to be examined with a legal microscope, to search for technical flaws, inexact, inadvertent or contradictory statements." (Internal quotation marks omitted.) Glucksman v. Walters, 38 Conn. App. 140, 153, ___ A.2d ___ 1995). The question is whether the jury charge, "taken as a whole . . . fairly and adequately present[s] the case to a jury in such a way that injustice is not done to either party under the established rules of law." (Internal quotation marks omitted). Id., 157.
The court instructed the jury in detail that the burden of proof required of the plaintiff was a preponderance of the evidence, and explained the meaning of that phrase. It also charged fully on proximate cause, and there was no possibility that the jury could have been misled into believing, as claimed by the plaintiff, that the plaintiff was required to prove the causal relationship between the defendant's negligence and his injuries with one hundred percent certainty. The jury was given fair and adequate instructions on the doctrine of proximate cause and the plaintiff's burden of proving it.
The plaintiff called Dr. Wilbur Holland, who practices chiropractic in Illinois, as an expert witness. The court made no comment in its charge concerning the locale of the witness' practice or of differing standards of care. The charge concerned itself with defining the standard of care and the duty owing from the chiropractor to his patient. Furthermore, in its charge on the credibility of expert witnesses, no mention was made that the weight of an expert's testimony should in any way depend upon CT Page 12520-Y where he practices his profession. The jury could not reasonably have believed that any different standard of care governs chiropractors in different areas of the country. Defendant's counsel's comments in closing arguments regarding where Dr. Holland came from and that he, counsel, did not "know what the standard of medicine is in Caseyville, Illinois . . .", did not in any way inform the jury as to the standard of care to be used. Taken in context, it cannot be said that counsel's statement in any way contradicted or expanded upon the court's charge regarding standard of care. In addition, the plaintiff did not object to defendant's counsel's comments nor did he make a request for a curative instruction, although a charging conference had been held prior to closing arguments and plaintiff was aware that the court did not intend to charge on the issue of a national standard. The court also instructed the jury that remarks of counsel in closing arguments do not constitute evidence.
The plaintiff complains that the court erred in not giving his request to charge number 15 regarding plaintiff's pre-existing neck condition. Since this request deals with an issue of damages, and the jury found the issue of liability for the defendant, the court's failure to give the charge could not have influenced the jury.
Regarding the court's instructions on inferences the court gave, in its charge dealing with direct and circumstantial evidence, adequate instructions to the jury regarding reasonable and logical inferences to be drawn from the evidence. "It is well established precedent that although a request to charge which is relevant to the issues of the case and which is an accurate statement of the law must be given . . . a refusal to charge in the exact words of a request will not constitute error if the requested charge is given in substance". Glucksman v. Walters,38 Conn. App. 140, 157 ___ A.2d ___ (1995).
The plaintiff's motion to set aside the verdict is denied.
D'ANDREA, J.