475 So.2d 340 (1985)
STATE In the Interest of JOHNSON.
No. 85-CK-0582.
Supreme Court of Louisiana.
September 10, 1985.
Dissenting Opinion September 11, 1985.
*341 Charles Daspit, Francisco Perez, Richard J. Brazan, Baton Rouge, for applicant.
Bernard Hardy, Mazie Doomes, Mark A. Holden, Sherrill Davidson, Edselle Cunningham, William Grimley, Baton Rouge, for respondents.
DENNIS, Justice.
We are called upon to decide who should be required to pay the fee of an attorney appointed to represent an indigent parent in a child abandonment proceeding in the absence of a statute authorizing the fee or its payment. After a hearing, the family court dismissed the Department of Health and Human Resources' suit for a declaration of abandonment and ordered the department to pay the attorney's fee. The court of appeal affirmed the court's order, holding that: (1) The due process clauses of the Federal and State constitutions impose upon the courts a duty to furnish counsel for indigent parents in a proceeding in which the State seeks to terminate parental rights to a minor child by reason of abandonment; (2) A trial court is authorized by the state constitution in aid of its jurisdiction to assess attorney's fees for such appointed counsel to the State, its subdivisions, departments, or agencies; (3) The family court acted properly within its constitutional authority by assessing the attorney's fees herein to the Department of Health and Human Resources. We affirm for essentially the reasons assigned by the court of appeal.
The Department of Health and Human Resources initiated a proceeding in the Family Court of East Baton Rouge Parish to declare a child abandoned. La.R.S. 9:403. An attorney was appointed to represent the indigent natural parent. After a hearing, the family court dismissed the department's petition and ordered it to pay an attorney's fee of $750 to the attorney representing the indigent parent. The fee was not authorized by statute in a proceeding under La.R.S. 9:403. On appeal, the court of appeal affirmed. 465 So.2d 134 (1st Cir.1985). We granted certiorari, 467 So.2d 529, to resolve any conflict between this decision and that of the court of appeal in State in the Interest of a Minor, 446 So.2d 1385 (La.App. 3rd Cir.1984).
The separation of powers by our state constitution establishes an inherent judicial power which the legislative and executive branches cannot abridge. La. Const. Art. II; Singer v. Louisiana State Bar Association, 378 So.2d 423 (La.1979); Saucier v. Hayes Dairy Products Inc., 373 So.2d 102 (La.1979); Scott v. Kemper, 377 So.2d 66 (La.1979); see Imbornone v. Early, 401 So.2d 953, 957 (La.1981) (dissenting opinion on original hearing); Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765 (1977). Among the purposes for which inherent judicial power may be exerted are the issuance of needful orders in aid of a court's jurisdiction and the regulation of the practice of law. La. Const. Art. V § 2, 5(B); *342 Singer et al. v. Louisiana State Bar Association, supra. In aid of these purposes, a court has the inherent power to require an attorney to represent an indigent, with or without compensation, as an obligation burdening his privileges to practice and to serve as an officer of court. State v. Campell, 324 So.2d 395 (La.1975); Sledge v. McGlathery, 324 So.2d 354 (La.1975); see People v. Randolph, 35 Ill.2d 24, 219 N.E.2d 337, 18 A.L.R.3d 1065 (1966); U.S. v. Dillon, 346 F.2d 633 (9th Cir.1965); State v. Rush, 46 N.J. 399, 217 A.2d 441 (1966). The court's power to furnish counsel for indigents necessarily includes the power, when reasonably necessary for effective representation, to issue an order requiring the state, its appropriate subdivision, department, or agency, to provide for the payment of counsel fees and necessary expenses. See M., on behalf of T. v. S., 169 N.J.Super. 209, 404 A.2d 653 (1979); Luke v. Los Angeles County, 269 Cal. App.2d 495, 74 Cal.Rptr. 771 (1969); Knox County Council v. State ex rel McCormick, 217 Ind. 493, 29 N.E.2d 405 (1940); Smith v. State, 118 N.H. 764, 394 A.2d 834, 3 A.L.R.4th 568 (1978); State v. Rush, supra; cf. State v. Campbell, supra.
The inherent judicial power may be aided by the legislative and executive branches, but their acts or failure to act cannot destroy, frustrate, or impede the court's inherent constitutional authority. Singer v. Louisiana State Bar Association, supra; Saucier v. Hayes Dairy Products, Inc., supra; La. State Bar Association v. Connolly, 201 La. 342, 9 So.2d 582 (1942); Ex Parte Steckler, 179 La. 410, 154 So. 41 (1934); Meunier v. Bernich, 170 So. 567 (Orl.La.App.1936). Consequently, even in the absence of legislative or executive authorization, a court may, when reasonably necessary, appoint counsel for an indigent and award the attorney a reasonable fee to be paid from a source which the court deems appropriate. In deciding whether the state or one of its subdivisions, departments, or agencies should pay the fee, a court must act with comity toward the other branches of government and with sensitive regard for the concepts of functional differentiation and the checks and balances implied by the separation of powers doctrine. Important considerations for a court taking such action include the following: the structure and scheme of existing legislation which may be applied by analogy, the ability of an entity to budget and finance such expenditures, the entity's responsibility for incurring the need for legal services or for administering the program out of which the need arises, and the existence of any custom or informal practice regarding the payment of such fees.
In the present case, the family court assessed the cost of the indigent parent's court-appointed attorney to the department despite the lack of statutory authorization for the payment of such fees in an abandonment proceeding under La.R.S. 9:403. The trial court did not assign reasons, but the court of appeal affirmed for reasons with which we agree. We also assign additional reasons supporting the previous courts' decisions.
First, the trial court apparently found that the parents were indigent, and that a failure to appoint counsel would make the abandonment proceedings fundamentally unfair to them. Procedures used to terminate a parent-child relationship are carefully scrutinized for fairness. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). See generally, Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Nowak, Constitutional Law 560-62 (West 1983). The trial court is required to make a case-by-case determination as to whether failure to furnish counsel to the indigent parents would violate due process. Lassiter v. Department of Social Services, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). There is nothing in the record which seriously controverts the trial court's findings or judgment.
Second, the trial court apparently determined that it was reasonably necessary to pay the court-appointed attorney a fee, and this finding is not contested.
*343 Finally, there are several reasons which support the trial court's assessment of the attorney's fee against the department. The department was not only a party, but was the party which brought the unsuccessful abandonment proceeding that necessitated the appointment and compensation of an attorney for the indigent parent. The department engages in litigation of this type regularly and presumably has the ability to plan and pay for the incidental fees necessary to furnish counsel for indigent parents. A proceeding to declare a child abandoned and thereby terminate a parent-child relationship under La.R.S. 9:403 is identical in object and similar in grounds to an action to terminate a parentchild relationship for abuse and neglect under La.R.S. 13:1601-04. Under the latter proceeding, La.R.S. 13:1602(C) provides that an attorney appointed to represent indigent parents shall be paid by the plaintiff in accordance with La.C.C.P. art. 5096. Since the plaintiff in an abandonment proceeding is the department, applying the provisions of La.R.S. 13:1602(C) by analogy would require assessment of indigent parents' court appointed attorney's fees to the department.
The department argues that the attorney's fees should be paid by the local indigent defender board pursuant to La. R.S. 15:141 et seq., because the indigent parents in an abandonment proceeding are "in a position somewhat analogous to that of criminal defendants." Aside from the frequently common characteristic of indigency, however, the department does not explain how the two classes of litigants are alike. In fact, they are quite dissimilar in that one is a class of civil litigants contesting termination of parental rights while the other is a class of persons charged with a broad range of crimes including the most violent and most severely punishable of offenses. The analogy drawn by the trial and appellate courts between two classes of indigent parents in civil proceedings to terminate parental rights based on similar and overlapping grounds is much closer. Additionally, the department's solution would have the drawbacks of removing responsibility for payment of costs from the entity which initiated the proceeding, diverting local funds necessary for criminal prosecutions, and taxing costs to an entity which is not a party and which is not involved in any way that would permit it to anticipate and plan for such expenditures.
For the reasons assigned, we agree with the decisions of the previous courts.
AFFIRMED.
MARCUS, J., concurs and assigns reasons.
BLANCHE, J., dissents and assigns reasons.
MARCUS, Justice (concurring).
Assuming that the trial court in this case determined that the failure to furnish counsel to the indigent parents would violate due process as set forth in Lassiter v. Department of Social Services, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (where failure to furnish counsel did not violate due process), I concur in the result reached by the majority.
BLANCHE, Justice (dissenting).
The majority opinion drastically alters the constitutional structure of our government as we know it today. La. Constitution Art. II, Sec. 2 creates three branches of government; each being independent of the other, and each lacking the authority to exercise power belonging to another branch. Art. 1, Sec. 13 states that "the legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents." Since the Constitution specifically calls for the legislature to provide a uniform system of compensation, this Court should not usurp that power.
In support of the proposition that the Constitution creates an "inherent judicial power" the majority cites the following cases: Singer v. Louisiana State Bar Association, 378 So.2d 423 (La.1979); Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979); Scott v. Kemper, 377 *344 So.2d 66 (La.1979). These cases address the inherent power of this Court to regulate the practice of law. That authority is derived from La. Const. Art. V § 5(B) which vests in this Court exclusive original jurisdiction of disciplinary proceedings against a member of the bar. It does not authorize the judiciary to assess attorney's fees in the absence of a statute.
An attorney can be compelled to represent an indigent defendant without receiving compensation. State v. Clifton, 247 La. 495, 172 So.2d 657 (1965). The attorney accepts this obligation in exchange for the privilege to practice law in this State. The majority opinion concludes that the power to appoint an attorney encompasses the authority to compensate him for his services and the right to choose the source of compensation. If the writers of the Constitution would have intended this result it seems logical that they would have expressly provided such in light of the Clifton case which predates the 1974 Constitution.
The cases from other jurisdictions cited in support of the majority opinion fall far short of the mark. Luke v. Los Angeles County, 269 Cal.App.2d 495, 74 Cal.Rptr. 771 (1969), allowed the awarding of attorneys fees in a civil commitment proceeding against the county pursuant to a statute. The case of State v. Smith, 118 N.H. 764, 394 A.2d 834 (1978), allowed the award of attorneys fees against the state based upon an amendment to the New Hampshire Constitution providing that "every person ... shall have the right to counsel at the expense of the state." Knox County Council v. State ex rel McCormick, 217 Ind. 493, 29 N.E.2d 405 (1940), and M. v. S., 169 N.J.Super. 209, 404 A.2d 653 (1979), allowed the assessment of legal fees against the state since it violates an attorney's due process rights under the respective state constitutions to require him to provide legal services without compensation. State v. Clifton, supra., held to the contrary. None of these cases support the position set forth by the majority.
As an alternative holding the majority concludes that R.S. 13:1602(C), which deals with termination as opposed to abandonment, is authority for assessing attorneys fees against the DHHR in this abandonment action. It is a well settled principle that attorneys fees can be awarded only when expressly provided by statute. For this reason, the termination articles (found in Title 13) should not be applied by analogy in an abandonment (Title 9) action.
I respectfully dissent.