524 So.2d 5 (1988)
STATE of Louisiana, In the Interest of K.V.
STATE of Louisiana, In the Interest of N.V.
Nos. 87 CJ 1092, 87 CJ 1093.
Court of Appeal of Louisiana, First Circuit.
March 2, 1988.
Clayton Latimer, New Orleans, for State of La./DHHR.
Kenneth B. Givens, Houma, Ad Hoc for Minor Children.
Alexander Doyle, Houma, for Kathleen Valure (Mother).
Rudolph D. Hargis, Jr., Houma, Ad Hoc for Anthony Valure, Jr. (Father).
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
On April 25, 1985, the City Court of Houma, acting as the Juvenile Court for Terrebonne Parish, issued an emergency order placing their five minor children, in whose interest these proceedings were brought (the children's names to remain confidential), in the temporary custody of the State of Louisiana, through the Department of Health and Human Resources (DHHR) pursuant to LSA-R.S. 14:403. It also ordered a continued custody hearing for May 8, 1985. At that hearing, the children's natural parents had no objection to DHHR's being granted temporary custody.
A petition was filed June 24, 1985, by the District Attorney for Terrebonne Parish on behalf of the State of Louisiana, Division of Evaluation and Services (DES),[1] seeking an "in need of care" adjudication pursuant to the provisions of the Code of Juvenile Procedure, and a judgment awarding custody of the children to DES.
On November 19, 1985, a judgment finding the children to be "in need of care" and granting custody to DES was rendered.[2] *6 On February 19, 1986, following a hearing to review the November 19 adjudication, the children were determined still in need of care, and custody remained unchanged.[3]
These apparently hotly contested proceedings continued, and the minute entry for September 30, 1985, shows that Rudolph Hargis was appointed as attorney ad hoc for the father. Kenneth Givens was appointed as attorney ad hoc for the children.
Following a lengthy evidentiary hearing, the court determined the children to be in need of care, and their custody was continued with DHHR. The court assessed curator fees against DHHR at $1,706.25 for Rudolph Hargis and $1,982.50 for Kenneth Givens. DHHR brings this appeal on the grounds that the court had no authority to order it to pay the fees of the court-appointed attorneys.
In State ex rel. Howard, 382 So.2d 194 (La.App. 2d Cir.1980), the Second Circuit held that a proceeding initially instituted as an abuse/neglect proceeding under LSA-R.S. 14:403 which evolved into a "hybrid proceeding involving child in need of care ..." implicated a "fundamental right or liberty" of Fourteenth Amendment proportion "[t]he integrity of the family and the right of a parent to raise his child." Howard, 382 So.2d at 198. A petition seeking the removal of custody of a child not only permanently but for a prolonged or indefinite period was found to implicate protected rights. The court specifically held that, at a minimum, due process requires counsel be furnished to indigent parents in proceedings initiated under LSA-R.S. 14:403 as well as in need of care proceedings under the Code of Juvenile Procedure. Howard, 382 So.2d at 198-200.
This circuit followed the holding of Howard in State ex rel. Johnson, 465 So.2d 134, 138 (La.App. 1st Cir.1985):
It has been held that due process requires the appointment of counsel to represent indigent parents in proceedings where the state seeks to remove custody of the child from its parents for an indefinite or prolonged period of time without a knowing and intelligent waiver of that right. State in the Interest of Howard, 382 So.2d 194 (La.App. 2d Cir.1980).
. . . .
[W]e hold that constitutional due process mandates the appointment of counsel to represent indigent parents in a proceeding where the state seeks to terminate parental rights to a minor child in an abandonment proceeding (La.R.S. 9:403).
In affirming Johnson, our Supreme Court extended the ruling, finding that an "inherent judicial power" of constitutional dimension authorizes a court when "reasonably necessary to appoint an attorney and award his fee from an appropriate source."[4]State ex rel. Johnson, 475 So.2d 340, 342 (La.1985).
In Johnson, the attorney fees were assessed to DHHR. DHHR argued, as it does in the proceedings at bar, that the fees should have been assessed to the local indigent defendant board because indigent parents in an abandonment proceeding are in a position analogous to that of criminal defendants. The Supreme Court disagreed, noting the disadvantages of assessing such costs to the indigent defender board:

*7 Additionally, the department's solution would have the drawbacks of removing responsibility for payment of costs from the entity which initiated the proceeding, diverting local funds necessary for criminal prosecutions, and taxing costs to an entity which is not a party and which is not involved in any way that would permit it to anticipate and plan for such expenditures.
Johnson, 475 So.2d at 343. The court concluded that an abandonment proceeding under LSA-R.S. 9:403 is sufficiently similar to an abuse and neglect proceeding under LSA-R.S. 13:1601-04, and applied by analogy an existing scheme (LSA-R.S. 13:1602C, which mandates payment of attorney fees in accordance with LSA-C.C.P. art. 5096).
The Code of Juvenile Procedure does not provide for assessment of the fees for attorneys appointed to represent an indigent parent However, the Code of Juvenile Procedure does contain a scheme for the assessment of attorney fees for counsel appointed to represent the child or children involved.
Article 95 [5] of the Code of Juvenile Procedure provides in part:
B. The child shall be entitled to counsel in any other proceeding.
C. If the parents of the child are financially unable to afford counsel, the court shall appoint counsel in accordance with R.S. 15:141 et seq.
D. If the parents of the child are financially able to afford counsel but fail to employ counsel, the court may appoint counsel to represent the child at the expense of the parents in accordance with R.S. 15:148.
LSA-R.S. 15:144 through 149 entails the provisions for the creation and operation of district indigent defender boards and the funding of these entities. LSA-R.S. 15:147 provides a specific procedure for the determination of indigency. This procedure was not followed here.
We hold that a finding of indigency is a prerequisite before (1) an award of attorney fees under the Howard and Johnson rationale can be made under the law existing at the time against DHHR for the representation of a parent, and (2) an award of attorney fees can be made under the provisions of Article 95 of the Code of Juvenile Procedure against the indigent defender board for the representation of the children.
Accordingly, we remand this case to the trial court to make a determination of indigency as to the father and the children. Following that determination, depending upon the result and assuming that a finding of indigency is made, attorney fees should be assessed to the children's counsel in accordance with Code of Juvenile Procedure article 95 and the father's counsel against DHHR as per the Howard and Johnson rationale.
REMANDED WITH INSTRUCTIONS.
NOTES
[1] The Division of Evaluation and Services is a sub-entity of DHHR.
[2] It should be noted that while the hearings were conducted and the judgments rendered as if these matters had been consolidated, no order consolidating City Court of Houma, Terrebonne Parish, proceedings, docket number J-122-84, with docket number J-124-84 was entered in either proceeding. The attorney appointed to represent four of the children in J-122-84 was appointed to represent the fifth child J-124-84. His motion to fix attorney fees for services rendered makes no distinction.
[3] Legal custody remained with DES, but physical custody of two of the children was to remain with a third party, and physical custody of one other child to be with the mother.
[4] Some considerations for determining a reasonable source were noted:

Important considerations for a court taking such action include the following: the structure and scheme of existing legislation which may be applied by analogy, the ability of an entity to budget and finance such expenditures, the entity's responsibility for incurring the need for legal services or for administering the program out of which the need arises, and the existence of any custom or informal practice regarding the payment of such fees.
State ex rel. Johnson, 475 So.2d 340, 342 (La. 1985).
[5] This article was amended by Act 627 of 1987 as follows:

E. (1) If the court appoints an attorney to represent the parents of a child for any stage of child in need of care proceedings, including but not limited to continued custody hearings, adjudication hearings, dispositional review hearings, and permanency planning hearings, or for any hearing for termination of parental rights, then the fees of the attorney shall not be charged against the Department of Health and Human Resources.
(2) If the parents of the child are determined not to be indigent, they shall be responsible for their own attorney fees as determined by the presiding judge.