Dear Judge Fuselier:
This office is in receipt of your correspondence of recent date, requesting we review the facts provided and advise whether the attorneys appointed to represent minors and indigent parents in juvenile proceedings involving the termination of parental rights are required to be reimbursed by the local judicial district indigent defender board.
We adhere to certain policies concerning the issuance of legal opinions from this office. By statute, this office is required to render written opinions to certain elected and appointed state officers upon all legal questions related to the duties of such officers. However, it is the policy of this office to refrain from issuing formal opinions where the matter is the subject of pending or ongoing litigation. We are advised by Mr. Steve Mayer, General Counsel, Department of Social Services, (225-342-1125) that R.S. 46:460.21 (concerning legal fees in child protection cases) is the subject of a constitutional challenge currently under review by the court. For this reason, we decline to issue a formal opinion addressing this particular issue at this time.
Please note the case of State in the Interest of Johnson,475 So.2d 340 (La. 1985) may prove of interest to you. DHHR (now DSS) argued in Johnson that the attorney's fees should be paid by the local indigent defender board because the indigent parents in an abandonment proceeding were in a position analogous to that of criminal defendants. The Court responded:
 Aside from the frequently common characteristic of indigency, however, the department does not explain how the two classes of litigants are alike. In fact, they are quite dissimilar in that one is a class of civil litigants contesting termination of parental rights while the other is a class of persons charged with a broad range of crimes including the most violent and most severely punishable of offenses. The analogy drawn by the trial and appellate courts between two classes of indigent parents in civil proceedings to terminate parental rights based on similar and overlapping grounds is much closer. Additionally, the department's solution would have the drawbacks of removing responsibility for payment of costs from the entity which initiated the proceeding, diverting local funds necessary for criminal prosecutions, and taxing costs to an entity which is not a party and which is not involved in any way that would permit it to anticipate and plan for such expenditures. See Johnson, supra, at Page 342.
Finally, R.S. 15:146[1] mandates certain city court funds be forwarded to the judicial district indigent defender fund monthly by the tenth day of the succeeding month. The city court judge is without authority to withhold these funds in order for the city court to pay the court-appointed attorneys for the minor or the indigent parents.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
[1] R.S. 15:146 provides in pertinent part:
§ 146 Judicial district indigent defender fund
 A. There is hereby created within each judicial district an indigent defender fund which shall be administered by the district board and composed of funds provided for by this Section and such funds as may be appropriated or otherwise made available to it.
 B. (1) Every court of original criminal jurisdiction, except in the town of Jonesville, in the city of Plaquemine, and in mayors' courts in municipalities having a population of less than four thousand, shall remit the following special costs to the district indigent defender fund for the following violations, under state statute as well as under parish or municipal ordinance. The following costs shall be assessed in cases in which a defendant is convicted after a trial, a plea of guilty or nolo contendere, or after forfeiting bond, and shall be in addition to all other fines, costs, forfeitures imposed:
 * * * * *
(2) Such amounts shall be remitted by the respective recipients thereof to the judicial district indigent defender fund monthly by the tenth day of the succeeding month.
 WEST'S LOUISIANA STATUTES ANNOTATED LOUISIANA REVISED STATUTES TITLE 46. PUBLIC WELFARE AND ASSISTANCE CHAPTER 3. PUBLIC ASSISTANCE PART IX. WELFARE REFORM ACT OF 1995 Copr. © West Group 2000. All rights reserved.
Current through all 1999 Regular Session Acts
460.21. Legal fees in child protection cases
A. (1) To the extent funds are appropriated by the legislature for such purpose, the state, through the Department of Social Services, office of community services, shall pay legal fees and approved expenses arising out of the representation of children or indigent parents, but not both, and curatorships in child protection proceedings. Such payments shall be made if legal services corporations and private attorneys are not otherwise paid for services in these child protection proceedings. Payment shall be made only for services, including appeals rendered pursuant to appointments under Children's Code Articles 607, 608,643, 1016, 1023, 1042, 1136, and 1146 exclusively. Funds appropriated for this purpose shall not be used to supplant a court's prior levels of indigent defender representation.
(2) The Department of Social Services, office of community services, shall pay properly documented requests for legal fees and approved expenses in date order of receipt until appropriations for that fiscal year are exhausted. Subsequent fiscal year payments shall begin with any unpaid requests in date order of receipt including prior fiscal year requests.
B. As used in this Section, the following terms shall have the following meanings:
(1) "Approved expenses" means the following expenses incurred pursuant to appointment under this Section: search costs in curatorship appointments, expert witness fees, mileage in excess of twenty miles per trip, routine law office expenses such as long distance telephone or fax charges, photocopies, postage and delivery charges, parking, and other expenses approved by the court. The rate of reimbursement for mileage as well as expenses incurred by experts shall be in accordance with state travel regulations established by the division of administration.
(2) "Child protection proceedings" means child in need of care and termination of parental rights proceedings, including surrender proceedings, relating to children in the care of the office of community services.
(3) "Department" means the Department of Social Services, office of community services.
(4) "Legal fees" includes fees for curatorship services as well as traditional legal services.
(5) "Legal services corporations" means those 501(c)(3) tax-exempt corporations, organized under the laws of the state, which are recipients of federal funding from the Legal Services Corporation (LSC).
C. The department shall design forms to be used by attorneys requesting payment of legal fees and approved expenses. The following conditions shall be satisfied and the following documents shall be received by the department before a request may be processed for payment:
(1) Order of appointment by the court.
(a) All orders of appointment shall reference the statutory authority by which the appointment is made.
(b) For curatorships, the order shall include the court's finding that the parent is an absentee parent in accordance with Louisiana law.
(c) For counsel appointments on behalf of parents, the order shall include the court's finding that the parent is indigent in accordance with Louisiana law. For counsel appointments on behalf of a child, the order may, but need not, include a finding by the court that the child's parents are unable to pay.
(d) If the same attorney acts as curator and counsel for an indigent parent, there shall be two separate orders of appointment by the court. A counsel appointment shall not be made when an absent parent remains unlocatable upon completion of curatorship.
(e) In order to be reimbursed for legal fees and approved expenses, an attorney appointed to act as counsel during child in need of care proceedings shall provide representation during all subsequent stages of such proceedings except when an attorney has been appointed to provide representation at a continued custody hearing only; or when the court permits withdrawal upon a finding of specific extenuating circumstances justifying the withdrawal. Child in need of care proceedings include all child in need of care actions prior to adjudication, adjudication and disposition hearings and actions in support of such hearings, and all subsequent six-month review periods until the child is permanently placed, as defined in Children's Code Article603(15), or termination of parental rights proceedings are instituted.
(2) For counsel appointments, completion of at least one discrete stage in the respective child protection proceedings unless the proceedings are dismissed at adjudication or earlier or the attorney was appointed to provide representation at the continued custody hearing only.
(a) If the proceedings are dismissed at adjudication or earlier, then the proceedings through such dismissal shall be deemed completion of a discrete stage.
(b) The discrete stages of child protection proceedings for purposes of this statute are as follows:
(i) All child in need of care proceedings through judgment of disposition.
(ii) Each six-month review period subsequent to judgment of disposition.
(iii) Termination of parental rights proceedings.
(iv) Each one-year period subsequent to a termination or surrender of parental rights until the children are permanently placed.
(3) Completion by the attorney of a standardized attorney payment form, which shall be developed by the department.
(a) The presiding judge's approval of the attorney's request for payment shall be evidenced by the judge's signature on this form.
(b) A detailed itemization of the services provided shall accompany the form.
(c) Approved expenses shall be evidenced by an appropriate receipt or itemized log, including beginning and ending odometer readings showing total mileage when travel is required.
(d) The judge shall determine that the number of hours billed and expenses charged are reasonable and necessary.
D. If an attorney requests payment of legal fees or approved expenses in excess of the usual levels associated with a particular type of case, the presiding judge's approval of the attorney's request for payment shall be evidenced by a completed addendum to the standardized attorney payment form. The addendum shall be developed by the department and shall include at a minimum a satisfactory description and justification for the excess legal fees or approved expenses. The attorney shall submit the addendum to the department with the standardized attorney payment form to which it relates.
E. The department shall implement procedures for monitoring legal fees and approved expenses charged against the state under this Section. A summary of the analysis shall be reported to the legislature on October first of each year with a summary of the legal fees and approved expenses for the immediately preceding fiscal year.
F. The department is authorized to promulgate and develop such rules and forms necessary to effect the provisions of this Section.
 CREDIT(S) 1999 Main Volume
Added by Acts 1995, No. 807, § 1, eff. June 27, 1995. Amended by Acts 1997, No. 389, § eff. July 1, 1997.
 APPLICATION Section 3 of Acts 1997, No. 389 (§ 1 of which amended this section) provides:
 "The provisions of this Act shall apply to all counsel or curator appointments made on or after July 1, 1997, as well as to all services rendered and expenses incurred after such date."
 HISTORICAL AND STATUTORY NOTES 1999 Main Volume
This section, enacted as R.S. 46:1771 by Acts 1995, No. 807, § 1, was redesignated as R.S. 46:460.21 within a new Part X, "Legal Fees and Approved Expenses", in 1995 pursuant to the statutory revision authority of the Louisiana State Law Institute.
Pursuant to the statutory revision authority of the Louisiana State Law Institute, in this section as amended in 1997, in par. B(5) "tax-exempt" was substituted for "tax exempt".