Dear Judge Ezell:
You have requested the legal opinion of this office concerning the payment of fees and expenses for attorneys appointed to represent an indigent child and parent(s) in child protection proceedings. The specific proceedings under review are child in need of care and termination of parental rights proceedings.
Both the child and his parents are entitled to counsel in a child in need of care proceeding. Articles 607 and 608 of the Louisiana Children's Code respectively provide, in pertinent part:
 Art. 607. Child's right to appointed counsel; payment
 A. In every proceeding under this title, the court shall appoint independent counsel for the child, or refer the child for representation by the indigent defender board. Neither the child nor anyone purporting to act on his behalf may be permitted to waive this right.
 B. If the court finds that the parents of the child are financially able, it may order the parents to pay some or all of the costs of the child's representation.
 * * * * *
 Art. 608. Parents' right to counsel; payment
 A. The parents of a child who is the subject of a child in need of care proceeding shall be entitled to counsel, which right may be waived by the parents.
 B. If the parents of a child are financially unable to afford counsel, the court shall appoint counsel, or refer the parents for representation by the indigent defender board.
Similarly, both the child and his parents are entitled to representation by separate counsel in a termination proceeding brought pursuant to Article 1016 of the Louisiana Children's Code:
 Art. 1016. Right to counsel
 A. The child and the parent shall each have the right to be represented by separate counsel in a termination proceeding brought under this Title.
 B. The court shall appoint an attorney to represent the child in such a proceeding.
 C. If the court determines that the parent is indigent and unable to employ counsel solely for that reason, an attorney shall be appointed to represent the parent in accordance with Article 320.
LSA-R.S. 46:460.21 authorizes the State through the Department of Social Services, to pay for "legal fees and approved expenses arising out of the representation of children or indigent parents, but not both, and curatorships in child protection proceedings " See R.S. 46:460.21A.(1); see also the fee schedule set by the Rules of the Supreme Court of Louisiana[1]. The cited statute further provides that "funds appropriated for this purpose shall not be used to supplant a court's prior levels of indigent defender representation."
The state's responsibility for legal expenses incurred is limited by the statute. Thus, you advise us that the question commonly arises, to-wit: who is responsible for the payment of the legal expenses incurred by the attorney appointed ad hoc to represent an indigent parent, who is not employed by the indigent defender board, and who is denied payment by DSS because the department has already met its obligation to pay for legal expenses authorized by the statute?
A court has the inherent power to require an attorney to represent indigent parents in parental termination proceedings, with or without compensation. See State in the Interest of HLD, 563 So.2d 360 (La.App. 3rd Cir. 1990). However, where the assessment of fees to DSS is improper as in contravention of R.S. 46:460.21, it is the opinion of this office that a court has the authority to "determine whether there are local funds such as indigent defender board funds to which the court-appointed attorneys . . . may be referred." See State in the Interest of CAM andAMM, 565 So.2d 523 (La.App. 3rd Cir. 1990), at page 532, so resolving the matter of the mother's court-appointed attorneys' fees in a termination proceeding; see also State in the Interest of TK, 568 So.2d 636 (La.App. 3rd Cir. 1990) at page 642.
The adoption of R.S. 46:460.21 legislatively overruled the holding of the Louisiana Supreme Court in the case of State in the Interest ofJohnson, 475 So.2d 340 (La. 1985). In Johnson, the Court held DHHR (now DSS) as the entity responsible for the legal fee of an attorney appointed to represent an indigent parent in a child abandonment proceeding in the absence of a statute authorizing the fee or its payment.
This office adheres to the general principle that the constitutionality of every statute is presumed. See State vs. Rones, 67 So.2d 99 (La. 1953). Thus, R.S. 46:460.21 is presumed to be valid until such time as a court determines otherwise.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Judge Perrell Fuselier City Court of Oakdale
[1] Rules of the Supreme Court of Louisiana Part G, § 9 dictate the following:
 Section 9. Schedule of fees for Child in Need of Care and Termination of Parental Rights Proceedings
 The following fee schedule is hereby established for occasions in which the State of Louisiana compensates attorneys who represent children and their indigent parents in Child in Need of Care and Termination of Parental Rights proceedings:
 A. Fees for in-court work: $75.00 per hour B. Fees for out-of-court work: $50.00 per hour C. Fees for curatorship $100.00 total, plus a maximum of $100 in reimbursable expenses
 Courts may also order higher rates of compensation in extraordinary cases.