In PARRO, J.,
concurring in part and dissenting in part.
I agree with that portion of the majority opinion that amends the attorney fee award to the amount actually owed, according to the record. Clearly, if such an award is to be made, it should be in the correct amount.
Although I agree with the statement in State ex rel. Johnson, 475 So.2d 340, 342 (La.1985), that the court has inherent constitutional authority to order the state to pay counsel fees and expenses when necessary for the effective representation of indigents, that case involved a situation in which no statutory authority existed for the award of those fees. Here, there is a statute that authorizes payment, but arguably impedes this court’s authority by the qualifying phrase allowing payment of either the indigent parents or children, “but not both.” LSA-R.S. 46:460.21(A)(1). However, until someone challenges the constitutionality of the statute and it is declared unconstitutional, this court, as well as the juvenile court, is required to follow its clear and unambiguous language. This court cannot simply ignore a clear statutory mandate that may be unpopular or, in rare instances, even harsh in its application.
Accordingly, I respectfully dissent in part.